UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| SHAWN SMITH, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | No. 3:10-CR-110 |
| v. | ) | 3:13-CV-631 |
| | ) | |
| UNITED STATES OF AMERICA, | ) | (VARLAN / GUYTON) |
| | ) | |
| Respondent. | ) | |

**REPORT AND RECOMMENDATION**

This case is before the Court on Petitioner Shawn Smith's *pro se* motion [Doc. 414] to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.[1] Chief United States District Judge Thomas A. Varlan referred [Doc. 513] the matter to the undersigned for the appointment of counsel and for an evidentiary hearing to determine whether Petitioner timely requested Attorney Steven Shope file a notice of appeal on his behalf. The Court appointed [Doc. 515] Attorney Ruth Thompson Ellis to represent the Petitioner.

The parties appeared before the undersigned on January 5, 2017 for an evidentiary hearing. The Petitioner appeared and was represented by Ms. Ellis. Assistant United States Attorney Tracy Stone appeared for the Government.

At the January 5, 2017 hearing, the Court addressed Petitioner's Motion to Withdraw Claim [Doc. 534]. In the motion, Smith stated that he wanted to withdraw the claim in his Motion that Mr. Shope failed to file a requested appeal. The Court advised the Petitioner that if he withdrew that claim in his motion to vacate his sentence pursuant to § 2255, he would not be able to refile that claim and the claim could not be brought at a later time. Petitioner Smith stated

---
[1] The citations are to the record in 3:10-CR-110.

that he understood this and agreed that he wanted to withdraw that claim. Smith then advised the Court that he wanted to withdraw his § 2255 Motion in its entirety. Attorney Ellis stated that she had not counseled Smith in this regard, as her appointment was only as to the Shope issue. The Court allowed Smith to make an oral Motion to Withdraw his entire § 2255 motion. Smith stated that he understood that he would not be able to bring any of those claims again, as they would be barred, if his motion was granted.

The Court finds that the Petitioner has knowingly and voluntarily withdrawn all claims raised in his section 2255 motion, including his allegation that he instructed Attorney Shope to file a direct appeal on his behalf. Accordingly, because the Petitioner is no longer pursuing his section 2255 motion, the undersigned respectfully **RECOMMENDS** the District Judge accept Petitioner Smith's Motion for withdrawal of his claim, and Smith's oral Motion to Withdraw all other claims and to dismiss the section 2255 motion [**Doc. 414**] with prejudice. The Court also **RECOMMENDS** that no certificate of appealability issue for this case because Petitioner Smith is no longer pursuing his constitutional claims of the ineffective assistance of counsel. See 28 U.S.C. § 2253(c)(2) (providing that a "certificate of appealability may issue [in a § 2255 proceeding] only if the applicant has made a substantial showing of the denial of a constitutional right"). Because the Petitioner has knowingly and voluntarily withdrawn his § 2255 motion, the

2

Case 3:10-cr-00110-TAV-HBG   Document 536   Filed 01/11/17   Page 2 of 3   PageID #: 2215

undersigned finds that any appeal of the dismissal of his motion would be frivolous and not taken in good faith.[2]

                                                  Respectfully submitted,

                                          */s/ Bruce Guyton*
                                          United States Magistrate Judge

---

[2] Any objections to this report and recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Crim. P. 59(b)(2) (as amended). Failure to file objections within the time specified waives the right to review by the District Court. Fed. R. Crim. P. 59(b)(2); see United States v. Branch, 537 F.3d 582, 587 (6th. Cir. 2008); see also Thomas v. Arn, 474 U.S. 140, 155 (1985) (providing that failure to file objections in compliance with the required time period waives the right to appeal the District Court's order). The District Court need not provide de novo review where objections to this report and recommendation are frivolous, conclusive, or general. Mira v. Marshall, 806 F.2d 636, 637 (6th Cir. 1986). Only specific objections are reserved for appellate review. Smith v. Detroit Federation of Teachers, 829 F.2d 1370, 1373 (6th Cir. 1987).