UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No.: 3:10-CR-110-TAV-HBG-15 |
| SHAWN SMITH, | ) ) | |
| Defendant. | ) ) | |

## MEMORANDUM OPINION AND ORDER

This criminal case is before the Court on defendant's motion for a sentence reduction [Doc. 547]. Defendant requests that the Court resentence him pursuant to 18 U.S.C. § 3582(c)(2), United States Sentencing Guidelines ("USSG") § 1B1.10, and Amendments 782 and 788 to the USSG. The government responded, asserting that defendant is not eligible for relief because his sentence was based on a statutory mandatory minimum [Doc. 549].

### I.  Standard of Review

"Federal courts are forbidden, as a general matter, to modify a term of imprisonment once it has been imposed, but the rule of finality is subject to a few narrow exceptions." *Freeman v. United States*, 131 S. Ct. 3685, 2690 (2011) (internal citation and quotation marks omitted). One exception is identified in 18 U.S.C. § 3582(c)(2):

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . , the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to

the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

The United States Supreme Court has interpreted § 3582(c)(2) as setting forth two requirements for a sentence reduction. First, "the defendant [must] ha[ve] been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission[.]" *United States v. Riley*, 726 F.3d 756, 758 (6th Cir. 2013) (internal quotation marks and citation omitted). Second, "such reduction [must be] consistent with applicable policy statements issued by the Sentencing Commission." *Id.* (internal quotation marks omitted). If the reviewing court determines that the defendant is eligible for a sentence reduction, then "[t]he court may then 'consider whether the authorized reduction is warranted, either in whole or in part, according to the factors set forth in § 3553(a).'" *United States v. Thompson,* 714 F.3d 946, 949 (6th Cir. 2013) (quoting *Dillon v. United States*, 560 U.S. 817, 826 (2010)).

In determining whether a defendant has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission, the Court must first determine "the amended guideline range that would have been applicable to the defendant had the relevant amendment been in effect at the time of the initial sentencing." *Dillon*, 560 U.S. at 827 (internal quotation marks and citation omitted); *see also* U.S. Sentencing Guidelines Manual § 1B1.10(b)(1). Other than substituting Amendment 782 for the corresponding provision applicable when the defendant was originally sentenced, the Court "shall leave all other guideline application decisions unaffected." *Id.* And the Court "shall not" reduce a defendant's term of

imprisonment to a term "less than the minimum of the amended guideline range," nor to a term "less than the term of imprisonment the defendant has already served." *Id.* § 1B1.10(b)(2)(A), (C). In addition to these limits, section 1B1.10 states that a court must also consider the § 3553 factors and the danger to the public created by any reduction in a defendant's sentence. *Id.* at cmt. n.1(B). A court may further consider a defendant's post-sentencing conduct. *Id.*

## II. Analysis

Amendment 782 to the Guidelines, which became effective on November 1, 2014, revised the Guidelines applicable to drug-trafficking offenses by reducing by two levels the offense levels assigned to the drug quantities described in section 2D1.1. U.S. Sentencing Guidelines Manual App. C, amend. 782. Amendment 782 also makes corresponding changes to section 2D1.11. Amendment 788, which became effective on November 1, 2014, as well, identified Amendment 782 as retroactive. U.S. Sentencing Guidelines Manual App. C, amend. 788.

However, in this case, defendant's sentence was not based on any guideline range, because the guideline range that would have applied—based on defendant's offense level and criminal history category—was lower than the applicable mandatory minimum life sentence. Instead, defendant's sentence was the result of a downward departure from the mandatory minimum due to defendant's substantial assistance to the government, as outlined in the government's motion under USSG § 5K1.1 and 18 U.S.C. § 3553(e) [Doc. 335]. The Supreme Court has held that, where a court calculates a downward departure

3

from the mandatory minimum and discards the guideline range, a defendant is not eligible for a reduction under 18 U.S.C. § 3582(c) because a sentence based on a mandatory minimum and substantial assistance is not "based on" a sentencing range that has subsequently been lowered. *Koons v. United States*, 138 S. Ct. 1783, 1788 (2018). The Court further clarified that USSG § 1B1.10(c) does not change this result because policy statements by the Sentencing Commission "cannot make a defendant eligible when § 3582(c) makes him ineligible." *Id.* at 1790.

Because defendant's sentence was calculated using the mandatory life term of imprisonment in conjunction with defendant's substantial assistance, defendant cannot show that he was "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission" under § 3582. *Id.* at 1788. Accordingly, the Court lacks jurisdiction under § 3582(c) to modify defendant's sentence.

**III. Conclusion**

For the reasons stated above, defendant's motion [Doc. 547] is **DENIED**.

ENTER:

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE

4